```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     No. 4:09 CR 166 RWS
                                    )                      DDN
RAZA KAZAMI, et al.,                )
                                    )
          Defendants.               )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The pretrial motions of the parties were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Before the court is the motion of defendant Kazami under Federal Rule of Criminal Procedure 41(e) for the return of his automobile which was seized during the investigation of this case (Doc. 54). The government opposes the motion, because the proper proceeding would be an administrative proceeding under 18 U.S.C. § 983(f), and not under Rule 41. A hearing was held on April 29, 2009.

From the evidence and information adduced at the hearing held on April 29, 2009, the undersigned makes the following findings of fact and conclusions of law:

**FACTS**

1. During January 2009, law enforcement officials investigated drug trafficking that led to the indictment in this case. During that week, defendant Raza Kazami traveled in a black 2007 Chrysler 300M to three meetings with a confidential informant and others about purchasing two kilograms of cocaine. On January 27, 2009, defendant Kazami traveled to a location in a white Dodge Neon automobile; the sale occurred on this occasion. Defendant Kazami and others were arrested on that date.

2. Soon after the arrest of Kazami and others, the white Neon, a Jeep Grand Cherokee, and the black Chrysler automobiles were seized on January 28, 2009, by the Drug Enforcement Administration.

3. On January 28, 2009, defendant Kazami was charged by criminal complaint with four others with conspiracy to distribute and to possess more than 500 grams of cocaine.

4. The Dodge Neon and the Jeep Cherokee were soon returned to their owners. The black Chrysler was not returned to its owner.

5. On February 13, 2009, defendant Raza Kazami filed the instant motion for the return of the black Chrysler in the complaint case. (Doc. 54.) In the motion, defendant alleges that, subject to being loan collateral, the Chrysler belongs to him, the Chrysler was not involved in any illegal drug activity, and he is being deprived of the lawful possession of the vehicle. By his documentary affidavit, which was filed in support of the motion (Doc. 55), defendant Kazami proffers that he will suffer irreparable harm by being deprived of the use of the vehicle. He needs this vehicle in order to travel to his work and his schooling at FOrest Park Community College.

6. On February 20, 2009, the Drug Enforcement Administration (DEA) issued a Notice of Seizure for the black Chrysler. The Notice stated that the vehicle had been seized pursuant to 21 U.S.C. § 881, because it had been used or acquired in violation of the federal drug laws. The Notice stated that procedures to administratively forfeit the vehicle were underway, pursuant to 18 U.S.C. § 983. The Notice advised that defendant could petition DEA for the return of the vehicle and could contest the seizure of the vehicle in the process described in Title 28, Code of Federal Regulations, Part 9, sections 1602-1619. The Notice advised:

> You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court.

(Def. Ex. 1.) The Notice described the procedure to be filed if the claimant wanted to seek relief from the forfeiture by remission or mitigation of the forfeiture. The Notice also advised that the forfeiture could be contested in United States District Court by first filing a claim with the Forfeiture Counsel of the DEA by March 27, 2009. The procedures for filing a claim and following the filing were described in the Notice. (Id.)

7. The indictment in this case was filed on February 26, 2009. The indictment charges defendant Kazami and four others with conspiracy to unlawfully possess more than 500 grams of cocaine between January 16 and 27, 2009.

**DISCUSSION**

The parties initially differ over whether defendant Kazami may seek return of his vehicle under Federal Rule of Criminal Procedure 41(g)[1] or under 18 U.S.C. § 983(f)[2].

Defendant Kazami argues in his motion for return of the seized property that he is being deprived of his automobile by the government seizure and that the deprivation is causing him hardship and irreparable injury because the vehicle is necessary for him to get to school and to work. (Doc. 55 at 1.)

The United States has moved to strike defendant's motion for return of the vehicle, because the Civil Asset Forfeiture Act of 2000 (CAFRA), 18 U.S.C. § 983, sets forth the exclusive remedy for objecting to an administrative for judicial forfeiture, citing 18 U.S.C. § 983(e)(5).[3] The government argues that the proper procedure for challenging the seizure of defendant's automobile is either filing a claim with the seizing agency or filing a petition for remission with the seizing agency. The government argues that Federal Rule of Criminal Procedure

---

[1]Fed. R. Crim. P. 41(g) provides in pertinent part:
A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.

[2]Title 18, United States Code, Section 983(f) prescribes the procedures for litigating a claim for the release of seized property.

[3]Title 18, United States Code, Section 983(e)(5) provides:

A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

18 U.S.C. § 983(e)(5). <u>See also</u> <u>Mesa Valderrama v. United States</u>, 417 F.3d 1189, 1195 (11th Cir. 2005).

41 is not applicable because it is not the proper statutory procedure for disputing the non-judicial forfeiture.

The government points out that the CAFRA has a provision for return of property due to hardship and specifies a procedure for this purpose. 18 U.S.C. § 983(f)(1)(C).

The first question before the court is whether it has subject matter jurisdiction over the dispute between defendant and the United States over the seizure of the vehicle. Defendant filed his Rule 41(g) motion before the government issued the Notice of Seizure of the vehicle. So much of what the Eighth Circuit said in a case with a similar filing chronology applies to the case at bar:

> Rule 41(e) is "'a crystallization of a principle of equity jurisdiction.'" The equitable powers of the district court to order a preindictment return of property illegally seized by federal law enforcement officers "is invoked through the inherent disciplinary power of the court over officers of the court." The applicability of equitable principles is thus compelled whether one brings an action under rule 41(e) or premises his claim on the general equity powers of the district court.
>
> Harper was entitled to file a rule 41(e) motion or preindictment return of illegally seized property. Indeed, a rule 41(e) motion for return of seized property may be used as a basis "to trigger rapid filing of a forfeiture action." Even so, "'it does not automatically follow that this unique power should be exercised whenever it exists.'" The district court's equity jurisdiction to order the return of unlawfully seized property is "extraordinary . . . [and] is to be exercised with caution and restraint," and in accordance with familiar limitations on the granting of equitable relief. . . ."

In re Harper, 835 F.2d 1273, 1274 (8th Cir. 1988)(internal citations omitted). The court has subject matter jurisdiction to exercise its equitable authority over defendant Kazami's claim for the return of his automobile. The next question is whether the court should exercise that authority.[4]

---

[4]The exercise of the court's equitable authority would be limited to determining whether the government "satisfied statutory and due process requirements" in its administrative forfeiture proceedings. See United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993). See also
(continued...)

The court's discretion in deciding whether or not to exercise its equitable authority is not boundless. Several considerations must be addressed in this regard: (1) whether the claimant has an adequate remedy at law; (2) whether the claimant would suffer irreparable injury if relief is not granted; and (3) whether the circumstances of the case indicate that there was a callous disregard of the Fourth Amendment. Pieper v. United States, 604 F.2d 1131, 1133 (8th Cir. 1979). See also, In re Search of 401 Fyler Avenue, 879 F.2d 385, 387 (8th Cir. 1989); In re Seizure of One White Jeep Cherokee, 991 F.Supp. 1077, 1081 (S.D. Iowa 1998). Further, "[j]urisdiction under Rule 41 'is to be exercised with great restraint and caution since it rests upon . . . the actions of federal law enforcement officials.'" De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006) (quoting Application of Campola, 543 F.Supp. 115, 117 (N.D.N.Y. 1982)).

Defendant Kazami has an adequate remedy at law, the forfeiture proceedings that were initiated by the DEA Notice of Seizure. "[T]he legality of a seizure should be tested in the forfeiting proceeding." In re Harper, 835 F.2d at 1274-75. Granted the Eighth Circuit said this in Harper when the claimant allowed the administrative forfeiture proceeding to finalize without challenging it. However, it takes not much extrapolation to deduce that the same principle would be invoked even stronger when the administrative procedures have not been completed.[5]

The strength of this factor in the court's consideration of whether or not to exercise its equitable jurisdiction is indicated by Congress's substantial limitation on the court's review of the administrative forfeiture proceeding, as described in 18 U.S.C. § 983(e), especially

---

[4](...continued)
Muhammed v. Drug Enforcement Agency, 92 F.3d 648, 651 (8th Cir. 1996). "This court does not have jurisdiction to review the merits of an administrative or nonjudicial forfeiture decision." United States v. Mathison, No. CR06-4030 MWB, 2006 WL 1649321, at *2 (N.D. Iowa June 13, 2006).

[5]During the hearing on this matter, the court was advised that the administrative proceedings are proceeding. The government has until June 9 to file a pleading and defendant Kazami will have an opportunity to file a response.

§ 983(e)(5). In this case the administrative process has begun and is not completed.

The next factor in the analysis is whether the claimant would suffer irreparable injury if relief is not granted. As the government argues, the matters raised by defendant in this regard, his use of the vehicle for transportation to school and to work, are the subjects of 18 U.S.C. § 983(f)(1)(C). In that section of the forfeiture statute,

> A claimant . . . is entitled to immediate release of seized property if [among other conditions]-- . . .
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless. . . .

18 U.S.C. § 983(f)(1)(C). Thus, the argument defendant makes for the return of the vehicle due to injury and harm from its deprivation can be made in the administrative proceedings available under § 983.

On the issue of whether the court should exercise its equitable jurisdiction in this matter, the undersigned has considered defendant Kazami's written affidavit which states, "I am [a] student at Forest Park Community College and need my car to get to school and to my work. . . ." (Doc. 55 at 1.) While the deprivation of the seized automobile may reasonably cause even substantial inconvenience, the affidavit does not establish that defendant is without any ability to get to school or to work without this vehicle. Defendant has not shown that he would be irreparably injured by the deprivation of the vehicle.

The final issue before the court is whether the record shows that the seizing authorities acted out of callous disregard of defendant Kazami's constitutional rights. This factor is not established on the record before the court. The record indicates that in January 2009 defendant Kazami traveled to three meetings with drug traffickers and a confidential informant and at the meetings discussed the sale of two kilograms of cocaine. The record indicates that this use of the vehicle facilitated a conspiracy to violate the federal drug laws in violation of 21 U.S.C. § 846.

Because all of the relevant factors militate against it, this court ought not exercise its equitable jurisdiction to determine the propriety of the government's seizure of defendant Kazami's vehicle.

Therefore,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Raza Kazami for the return of seized property (Doc. 54) be denied.

The parties have ten days to file documentary objections to this Report and Recommendation. The failure to file timely documentary objections may waive the right to appeal issues of fact.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 15, 2009.