UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09 CR 166 RWS / DDN |
| ) | |
| RAZA KAZAMI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On July 29, 2011, defendant Raza Kazami came before the court with retained counsel Gilbert C. Sison, of the Rosenblum law firm, for a hearing on the motion of the government for an inquiry into whether Mr. Sison's continued representation of defendant Kazami presents an actual or a potential conflict of interests (Doc. 238). See Fed. R. Crim. P. 44(c).

At the hearing, counsel for the government and for defendant Kazami, and defendant Kazami personally, stated their understanding of the facts regarding any conflict of interest. While the relevant facts are few and clear, their consequences regarding a potential conflict of interests are not. Defendant Raza Kazami is 24 years of age. He has attended some college, pursuing an accounting degree. See Pretrial Services Report, dated January 28, 2009, at 1.

On July 29, 2011, attorney Sison filed with the court a written waiver of attorney conflict of interest that was signed by him and defendant Kazami (Doc. 241). During the July 29, 2011 hearing defendant Kazami stated under oath, and the court finds, that he understands the circumstances of the case and the facts that indicate that there may be a conflict of interests in his being represented by Mr. Sison and the Rosenblum law firm. Further, the court finds that Kazami voluntarily waived any such

conflict of interests and desires to be represented by the Rosenblum law firm.

Defendant Kazami was arrested in this case and on January 28, 2009, he was brought before the court for an initial appearance under Fed. R. Crim. P. 5. Panel attorney Kevin Schriener was appointed to represent him in this case on January 29, 2009. (Doc. 24.) On January 30, 2009, privately retained counsel, Burton Shostak, entered his appearance to represent defendant. (Doc. 31.) And on January 30, 2009, defendant Kazami was released on a secured appearance bond. (Docs. 43, 44, 45, 46, and 47.) On February 2, 2009, appointed attorney Schriener moved for leave to withdraw (Doc. 33); the motion was sustained on April 28, 2009.

On August 4, 2009, an arrest order was issued for defendant Kazami for violating his pretrial conditions of release. (Doc. 148)(his whereabouts had become unknown.) On August 20, 2009, attorney Shostak moved for leave to withdraw from representing defendant Kazami. (Doc. 150.) On December 28, 2009, the motion was sustained. (Doc. 220.)

Thereafter, personal jurisdiction over defendant Kazami was reacquired and on June 8, 2011, he was brought before the court for an initial appearance. (Doc. 231.) Also on June 8, 2011, Mssrs. Scott Rosenblum and Gilbert Sison entered their appearances to represent Kazami in this case. (Docs. 227, 228.) And on June 8, 2011, the court appointed the Federal Public Defender's office in this judicial district to represent Kazami.[1] (Doc. 243.) On June

---

[1] On May 20, 2011, in the United States District Court for the Central District of California, defendant Kazami executed a CJA 23 Financial Affidavit form which indicated that he did not have the financial ability to retain private counsel. (Doc. 226.) At his initial appearance in that judicial district on May 20, 2011, an assistant Federal Public Defender represented Kazami. (Doc. 225-3.)

At the July 29, 2011 hearing before the undersigned, Kazami
(continued...)

10, 2011, the Federal Public Defender's office reassigned Kazami's representation to another attorney in that office. (Doc. 234.) The Federal Public Defender's office in this district remains in the case as appointed counsel for Kazami.

Concomitantly, in this case on January 30, 2009, the Rosenblum law firm entered its appearance to represent co-defendant Lais Mohammad Noori, after panel attorney Joann Trog had been previously appointed to represent Noori under the Criminal Justice Act (Doc. 23). On February 3, 2009, Ms. Trog was terminated as Noori's appointed counsel. On April 14, 2010, defendant Noori, while represented by attorney Rosenblum, pled guilty in this case. (Doc. 191.) On August 6, 2010, Noori was sentenced to 30 months incarceration. At the sentencing hearing, attorney Adam Fein, of the Rosenblum law firm, argued unsuccessfully that defendant Noori should get a lesser sentence because he was less culpable than co-defendant Raza Kazami. After the sentence was imposed, Noori, represented by attorney Fein, raised the issue on appeal.

On July 1, 2011, the Court of Appeals for the Eighth Circuit affirmed Noori's sentence. The court held that, although there was evidence that "some of his co-conspirators were more culpable than he was, this alone [did] not entitle him to a minor-role reduction [in the Sentencing Guidelines calculations]." (Doc. 236 at 3.)

At the hearing held before the undersigned on July 29, 2011, Kazami's attorney Sison and the prosecutor proffered to the court additional relevant facts: There is a possibility that, if Kazami goes to trial, the government will call co-defendant Noori as a witness against Kazami.[2] If that happens, the Rosenblum firm might

---

[1](...continued)
stated that he thought his family could finance the hiring of new counsel to replace the Rosenblum law firm.

[2]Co-defendant Noori may be inclined to testify against Kazami in an effort to establish a basis for post-sentencing relief under Federal
(continued...)

not be able to fully cross-examine Noori, to the benefit of defendant Kazami, because of previous confidential communications between Noori and the Rosenblum law firm.

At the hearing, defendant Kazami stated that he fully understood all of these facts and the possibility that the Rosenblum firm attorney may not be able to fully cross-examine Noori, if he testifies, to Kazami's detriment. Kazami said he accepts that possibility and waives any entitlement to relief he could get from the conflict of interests. He also stated that he wants to be represented by the Rosenblum law firm, even with it's actual or potential conflict of interests.

## **DISCUSSION**

The court is faced with a complex of issues regarding the circumstances of the joint representation of co-defendants Kazami and Noori in this case, and the fact that defendant Kazami has voluntarily waived this conflict of interests and has stated his desire to be represented by the Rosenblum law firm. Generally, a criminal defendant has the Sixth Amendment right to retain counsel of his own choice. Powell v. Alabama, 287 U.S. 45, 53 (1932). Nevertheless, this basic constitutional right must give way to a court's decision to disqualify the chosen counsel due to an actual or even a potential conflict of interests or where the apparent correctness or integrity of the court's decision-making might be called into question by a conflict of interests. Wheat v. United States, 486 U.S. 153, 162-4 (1988).

The relevant facts in Wheat are remarkably similar to those in Kazami's case, in that Wheat asked that the attorney who represented a co-defendant be allowed thereafter to enter and represent Wheat in the same case. After being advised by the

---

²(...continued)
Rule of Criminal Procedure 35.

government of a conflict of interests similar to that which exists here, the district court denied the request for the selected attorney to enter and represent Wheat. The Supreme Court sustained this decision, stating:

> Other district courts might have reached differing or opposite conclusions with equal justification, but that does not mean that one conclusion was "right" and the other "wrong". The District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict. The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court.

Id. at 164.

As things now stand in this case, the Rosenblum law firm may not be able to ethically cross-examine former co-defendant and client Noori to the full extent of its ability if its client Kazami goes to trial in this case. Further, it may be to Noori's future benefit to testify against Kazami at such a trial. These circumstances may could impede the fact-finding ability of the district court in a trial of Kazami's case and in a possible hearing on a motion by Noori under Federal Rule of Criminal Procedure 35.

At the conclusion of the hearing held on July 29, 2011, the undersigned stated that the court acknowledged Kazami's voluntary and knowing waiver of the stated conflict of interests the Rosenblum law firm may have if he went to trial.[3] The undersigned thereupon indicated that, on the record before the court, including the presumption in favor of keeping selected counsel in the case

---

[3] The court also impressed upon Kazami that its ruling on the conflict of interests issue would be based upon the assumption that he would have a jury trial, so that he need not be concerned with any belief by the court that the case against him would be disposed of in any other manner.

- 5 -

and Kazami's waiver of the conflict of interests, the Rosenblum law firm could remain in its position as Kazami's primary counsel.

After the hearing, the undersigned engaged in the analysis set forth above and has reached a somewhat different conclusion than that stated in the courtroom at the end of the hearing on July 29, 2011. The court now concludes that the very substantial conflict of interests inherent in the Rosenblum law firm's joint representation of co-defendants Noori and Kazami in this case may be avoided by the Federal Public Defender's office being required to take on the role of lead counsel for Kazami at this time and the Rosenblum law firm being relegated to the role of backup counsel. The Rosenblum law firm will be limited in its representation of Kazami to matters that it and the Federal Public Defender's office agree upon, but not to include matters that involve the described conflict of interests. This arrangement preserves to a large extent the ability of Kazami to be represented by counsel of his choice while protecting the parties' and the court's joint interests in fair and secure proceedings that achieve a just disposition of the allegations against Kazami. If he is able to do so, defendant Kazami may retain other private counsel, who does not have a conflict of interests, and who moves for leave to enter to represent him in this case.

Therefore,

**IT IS HEREBY ORDERED** that the Federal Public Defender's Office shall hereafter be lead counsel in the representation of defendant Raza Kazami.

**IT IS FURTHER ORDERED** that the Rosenblum law firm shall hereafter be backup counsel in the representation of defendant Raza Kazami. The Rosenblum law firm shall represent defendant Kazami to the extent agreed upon by it and the Federal Public Defender's Office and only in matters that do not involve any conflict of interests by its joint representation of co-defendants Lais Mohammad Noori and Raza Kazami.

```
                              /S/    David D. Noce
                        UNITED STATES MAGISTRATE JUDGE
```

Signed on August 3, 2011.